

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ADIB EDDIE RAMEZ MAKDESSI,**

    Petitioner,

v.                                                                 Civil Action No. **3:09CV214**
                                                                   Civil Action No.**3:16CV373**

**BRYAN WATSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner Adib Eddie Ramez Makdessi was convicted in the Circuit Court for Virginia Beach and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). By Memorandum Opinion and Order entered on February 4, 2010, this Court denied Makdessi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* at 657; (ECF Nos. 17, 18). On June 28, 2010, the Court received from Makdessi a submission entitled "Criminal Complaints & MOTION Rule 60(b)." (ECF No. 24.) Despite being labeled in part as a Federal Rule of Civil Procedure 60(b) motion, the submission appeared to be a reference copy filed with the Court of a document Makdessi sent to the "Chief Division Counsel, Richmond F.B.I." and other federal officials that lodged complaints about the criminal process. (*See id.* at 1.) By Memorandum Order entered on July 6, 2010, the Court construed this submission to be Makdessi's attempt to file a criminal complaint and informed Makdessi that it would take no further action on his submission. (ECF No. 25.)

On November 2, 2015, the Court received from Makdessi a "MOTION 60(b) Fraud Upon The Court and Fraud Upon The Habeas Court" ("Rule 60(b) Motion," ECF No. 39.)[1] Makdessi lists nine repetitive claims essentially arguing that he is actually innocent of his crimes of conviction and that the prosecution tampered with or "covered-up" purportedly exculpatory evidence. (*See, e.g., id.* at i.) Despite his labeling of his motion as a Rule 60(b) Motion, Makdessi continues to attack his state convictions. As explained below, Makdessi's Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] Makdessi has attempted continuously to attack his Virginia Beach convictions and to argue that he is actually innocent due to some error during trial. Just prior to Makdessi's filing of the instant Rule 60(b) Motion, the Court dismissed a civil rights action filed by Makdessi in which he attacked his convictions. *Makdessi v. McAuliffe*, No. 3:14CV214, 2015 WL 5970178, at *2 (E.D. Va. Oct. 13, 2015). In rejecting his claims, the Court explained:

> Much like the claims he raised in his 28 U.S.C. § 2254 petitioner that this Court denied on February 4, 2010, *see, e.g., Makdessi*, 682 F. Supp. at 648–49, 657, Makdessi continues to insist that he is actually innocent of his crimes of conviction, and that Defendants "conspired by covering-up" and "tampered with" allegedly exculpatory evidence and committed fraud upon the Circuit Court. (Compl. Attach. 8.) Makdessi's allegations in the instant § 1983 action mirror his fanciful and outlandish claims of innocence and of the purported wrongdoings in his criminal proceedings from his prior habeas petition.

*Id.* Having unsuccessfully pursued his 42 U.S.C. § 1983 action, Makdessi now attempts to challenge his state convictions in this closed 2009 habeas action.

2

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Makdessi's Rule 60(b) Motion raises challenges to his Virginia Beach convictions, rather than any defects in his federal habeas proceedings. Makdessi argues that he is actually innocent of his state convictions and enumerates purported errors that occurred during his state trial. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).[2] Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition. The Court has not received

---

[2] Makdessi raises no defect in the collateral review process. At most he contends that his actual innocence "makes [him] qualify for [a] § 1983 action because [he] was prevented by all courts from filing habeas or any kind of motions." (Rule 60(b) Mot. ii.) The Court fails to discern how the prohibition on second or successive attempts to challenge his convictions entitles him to relief under Rule 60(b).

3

authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction.

Makdessi has also filed a Motion for the Appointment of Counsel (ECF No. 44) and a Motion for an Evidentiary Hearing (ECF No. 45). Because the Court lacks jurisdiction to hear Makdessi's successive § 2254 petition, no need exists for an evidentiary hearing. Makdessi's Motion for an Evidentiary Hearing (ECF No. 45) will be DENIED. In addition, no constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Makdessi fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Makdessi's Motion for the Appointment of Counsel (ECF No. 44) will be DENIED.[3]

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

---

[3] To the extent Makdessi claims that the Court never responded to his "First Motion 60(b) in (ECF 24)," (*see* ECF No. 44, at 1) Makdessi is incorrect. The Court construed the motion as an attempt to file a criminal complaint and informed Makdessi that the Court would take no further action on that submission. (*See* ECF No. 25.)

4

proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Makdessi fails to satisfy this standard, a certificate of appealability will be DENIED.

    An appropriate Order shall issue.

                                               /s/
                              M. Hannah Lauck
                              United States District Judge

Date: JUN 1 6 2016
Richmond, Virginia