IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ADIB EDDIE RAMEZ MAKDESSI,

    Petitioner,

v.                                                              Civil Action No. **3:09CV214**
                                                              Civil Action No. _____

BRYAN WATSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Adib Eddie Ramez Makdessi was convicted in the Circuit Court for City of Virginia Beach and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). By Memorandum Opinion and Order entered on February 4, 2010, this Court denied Makdessi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* at 657; (ECF Nos. 17, 18). On June 28, 2010, the Court received from Makdessi a submission entitled "Criminal Complaints & MOTION Rule 60(b)." (ECF No. 24.) Despite being labeled in part as a Federal Rule of Civil Procedure 60(b) motion, the submission appeared to be a reference copy of a document Makdessi filed with the Court sent to the "Chief Division Counsel, Richmond F.B.I." and other federal officials that lodged complaints about the criminal process. (*See id.* at 1.) By Memorandum Order entered on July 6, 2010, the Court construed this submission to be Makdessi's attempt to file a criminal complaint and informed Makdessi that it would take no further action on his submission. (ECF No. 25.)

On November 2, 2015, the Court received from Makdessi a "MOTION 60(b) Fraud Upon The Court and Fraud Upon The Habeas Court." (ECF No. 39.) Makdessi listed nine repetitive

claims essentially arguing that he is actually innocent of his crimes of conviction and that the prosecution tampered with or "covered-up" purportedly exculpatory evidence. (*See, e.g., id.* at i.) Despite labeling his motion as a Rule 60(b) Motion, Makdessi continued to attack his state convictions. By Memorandum Opinion and Order entered on June 16, 2016, the Court dismissed the Rule 60(b) Motion as a successive, unauthorized 28 U.S.C. § 2254 petition. (ECF Nos. 46, 47.)

On June 26, 2017, the Court received from Makdessi a "Motion Rule 60(d)(1) and (d)(3)," in which he purports to "invok[e] this Court's jurisdiction . . . for fraud upon the initial federal habeas court and grave miscarriage of justice." (ECF No. 57, at 1.)[1] Makdessi once again listed eleven "frauds" that, in essence, assert his innocence, and argued that the prosecution "deliberate[ly] cover[ed]-up . . . exculpatory evidence." (*Id.* at 4, 5–16.) Despite labeling the motion as one brought pursuant to Rule 60(d), Makdessi again attacked his state convictions. The Court treated the Rule 60(d) Motion as a successive § 2254 petition and dismissed the action without prejudice.

One June 15, 2020, the Court received a "MOTION RULE 60(b)(6) & 60(D)(3) FRAUD UPON INITIAL HABEAS COURT." ("Rule 60(b) & (d)(3) Motion," ECF No. 75.)[2] In his most recent Rule 60(b) & (d)(3) Motion, Makdessi presents three grounds for relief. In his first two grounds, Makdessi contends that "initial habeas claim 1(B)(i) resulted in defective ruling that was dismissed by serious errors by fraud upon initial habeas which precluded a merits

---

[1] The Court corrects the capitalization in quotations from Makdessi's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Makdessi's cited motions.

[2] Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(d)(3) permits a court to "set aside judgment for fraud on the court." Fed. R. Civ. P. 60(d); *see United States v. Conrad*, 675 F. App'x 264–65 (4th Cir. 2017).

2

determination" and "also proves that all attorneys were so defective." (*Id.* at 2; *see also id.* at 3.) Although it is not entirely clear what Makdessi intends to argue, he apparently believes that his trial attorney failed to conduct an adequate investigation into his case, which caused him to have an unfair trial and appeal. (*See id.* at 1–3.) In his third ground, Makdessi contends that the Court "overlooked" evidence and relied on "fraudulent facts" in the state court record. (*See id.* at 3–4.) Although Makdessi attempts to add a layer to his underlying claims that this Court ruled incorrectly in dismissing his § 2254 Petition, in this ground, he attempts to challenge the sufficiency and competency of the evidence in his Virginia Beach criminal proceedings.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Makdessi's Rule 60(b) & (d)(3) Motion raises challenges to his Virginia Beach convictions, rather than truly challenging any defects in his federal habeas proceedings. Makdessi once again enumerates purported errors that occurred during his state trial. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).[3] Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition. *See United States v. Merica*, Nos. 5:04CR00015, 5:11CV80375, 2011 WL 6325881, at *1 (W.D. Va. Dec. 16, 2011) (construing action under Fed. R. Civ. P. 60(d) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

---

[3] If Makdessi truly challenged a defect in his habeas proceeding in this ground, the Court would be required to provide him with the opportunity to delete the improper, successive claims. "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012). *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez*, 545 U.S. at 531–32). By contrast, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 531-32). Where, however, the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a motion is a mixed Rule 60(b)/§ 2255 motion. *Id.* at 400 (quoting *Winestock*, 340 F.3d at 207).
While Makdessi adds statements about the Court relying on evidence in the state court record in its federal habeas opinion, he raises no true defect in the collateral review process. Therefore, he seeks to bring a successive habeas petition.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Makdessi fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: Nov. 17, 2020
Richmond, Virginia