IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ADIB EDDIE RAMEZ MAKDESSI,

    Petitioner,

v.                                                                     Civil Action No. **3:09CV214**

BRYAN WATSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Adib Eddie Ramez Makdessi, was convicted in the Circuit Court for City of Virginia Beach and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). By Memorandum Opinion and Order entered on February 4, 2010, this Court denied Makdessi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* at 657; (ECF Nos. 17, 18). On June 28, 2010, the Court received from Makdessi a submission entitled "Criminal Complaints & MOTION Rule 60(b)." (ECF No. 24.) Despite being labeled in part as a Federal Rule of Civil Procedure 60(b) motion, the submission appeared to be a reference copy of a document Makdessi filed with the Court sent to the "Chief Division Counsel, Richmond F.B.I." and other federal officials that lodged complaints about the criminal process. (*See id.* at 1.) By Memorandum Order entered on July 6, 2010, the Court construed this submission to be Makdessi's attempt to file a criminal complaint and informed Makdessi that it would take no further action on his submission. (ECF No. 25.)

On November 2, 2015, the Court received from Makdessi a "MOTION 60(b) Fraud Upon The Court and Fraud Upon The Habeas Court." (ECF No. 39.) Makdessi listed nine repetitive

claims essentially arguing that he is actually innocent of his crimes of conviction and that the prosecution tampered with or "covered-up" purportedly exculpatory evidence. (*See, e.g., id.* at i.) Despite labeling his motion as a Rule 60(b) Motion, Makdessi continued to attack his state convictions. By Memorandum Opinion and Order entered on June 16, 2016, the Court dismissed the Rule 60(b) Motion as a successive, unauthorized 28 U.S.C. § 2254 petition. (ECF Nos. 46, 47.)

On June 26, 2017, the Court received from Makdessi a "Motion Rule 60(d)(1) and (d)(3)," in which he purported to "invok[e] this Court's jurisdiction . . . for fraud upon the initial federal habeas court and grave miscarriage of justice." (ECF No. 57, at 1.)[1] Makdessi once again listed eleven "frauds" that, in essence, assert his innocence, and argues that the prosecution "deliberate[ly] cover[ed]-up . . . exculpatory evidence." (*Id.* at 4, 5–16.) Despite labeling the motion as one brought pursuant to Rule 60(d), Makdessi again attacked his state convictions. The Court treated the Rule 60(d) Motion as a successive § 2254 petition and dismissed the action without prejudice.

One June 15, 2020, the Court received a "MOTION RULE 60(b)(6) & 60(D)(3) FRAUD UPON INITIAL HABEAS COURT." (ECF No. 75.) By Memorandum Opinion and Order entered on November 17, 2020, the Court treated the motion as a successive § 2254 petition and dismissed the action without prejudice. (ECF Nos. 76, 77.) The United States Court of Appeals for the Fourth Circuit affirmed. (ECF No. 82.)

---

[1] The Court corrects the capitalization in quotations from Makdessi's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Makdessi's cited motions.

2

Three months after the Fourth Circuit dismissed his appeal, on October 21, 2021, Makdessi filed yet another "Motion Rule 60(b)(6)" ("Rule 60(b)(6) Motion," ECF No. 86),[2] and has subsequently filed several supplements (ECF Nos. 89–92, 94).[3] For the reasons stated below, the Rule 60(b)(6) Motion will be DENIED.

### I. Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Makdessi relies on Rule 60(b)(6) to bring this motion. Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying

---

[2] Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

[3] The Court corrects the capitalization in quotations from Makdessi's submissions and removes extraneous brackets and quotation marks. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Makdessi's submissions.

the reopening of a final judgment." *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). As pertinent here, courts have held that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

## II. Analysis

In his most recent Rule 60(b)(6) Motion, Makdessi seeks to reopen habeas claims "1(B)(ix) and 9(a)(iii) and add new grounds" and obtain a "true merit determination" on those claims because of the alleged impermissible use of race at trial, fraud, and because counsel was ineffective for objecting to these errors. (ECF No. 86, at 1–3; *see* ECF No. 94.) In his supplements, Makdessi seeks a "merit determination" of Claims 6 and 7 from his habeas petition (ECF No. 89, 1–4), and argues that Claim 9(a) was improperly dismissed as meritless (ECF Nos. 90–92). In essence, Makdessi argues that the Court erred when it deferred to the state habeas court's findings in determining that his ineffective assistance of counsel claims lacked merit and his substantive Claims 6 and 7 were defaulted.

### A. *Buck v. Davis*

First, Makdessi seemingly asserts that *Buck v. Davis*, 137 S. Ct. 759 (2017), allows this Court to review the amount of deference this Court should have accorded the state habeas court's determination of his Claims 1(B)(ix) and 9(a)(iii). (ECF No. 86, at 1–3.) The United States Court of Appeals for the Eighth Circuit aptly summarized *Buck* as follows:

> In that case, Buck sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). Thereafter, the Supreme Court issued *Martinez* .... modifying the *Coleman* rule. Following [*Martinez*], Buck sought to reopen his § 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district

4

court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death in part because of his race." *Id.* at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution, . . . the community at large, and . . . the democratic ideal reflected in the processes of our courts.'" *Id.* (quoting *Rose v. Mitchell*, 443 U.S. 545, 556, 99 S. Ct. 2993, 61 L.Ed.2d 739 (1979)). Third, the case's extraordinary nature was confirmed by the State's refusal to confess error in Buck's case, despite admitting error in similar cases. *Id.*

*Davis v. Kelley*, 855 F.3d 833, 835–36 (8th Cir. 2017) (second alteration in original).

Like the petitioner in *Davis*, Makdessi "has failed to present extraordinary circumstances mirroring those demonstrated in *Buck*." *Id.* at 836. "*Buck* focused on the race-based nature of the case and its far reaching impact on the community by the prospect of a defendant having been sentenced to death because of his race. These extraordinary facts have no application to the present case." *Id.* Moreover, unlike the petitioner in *Buck*, the Court reviewed and dismissed Claims 1(B)(ix) and 9(a)(iii) of Makdessi's § 2254 petition on the merits and they were not dismissed because of a procedural default. *Makdessi*, 682 F. Supp. 2d at 655–56. Makdessi fails to identify any intervening change in the law that would indicate that the dismissal of his claims on the merits was incorrect, or that any extraordinary circumstances exist in his case. Accordingly, *Buck* fails to entitle Makdessi to any relief under Rule 60(b)(6).

### B. *Martinez v. Ryan*

Second, Makdessi vaguely suggests that the Court's dismissal of Claims 6 and 7 as defaulted and barred from review was incorrect in light of *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 89, at 1–2.) Once again, Makdessi's challenge under *Martinez* makes little sense. "The decision in *Martinez* 'relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition . . . .'" *Ward v. Clarke*, No. 3:14CV11–HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (quoting *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014)). The Supreme Court of Virginia found Claims 6 and 7 were barred

5

from review in his state habeas petition because Makdessi failed to raise them on direct appeal. *Makdessi*, 682 F. Supp. 2d at 651. Thus, this Court determined that the claims were also barred from review on federal habeas because of the procedural bar in state court. *Id.* (citations omitted). However, Makdessi argued that appellate counsel was the cause for the default of these claims. *Id.* To the extent Makdessi suggests that *Martinez* somehow excuses his default he is incorrect, because the Supreme Court made clear that while *Martinez* applies to initial-review collateral proceedings, it "does not concern attorney errors in other kinds of proceedings." *Martinez*, 566 U.S. at 16 (citation omitted). Thus, *Martinez* is inapplicable here.

More importantly, although the Court found Claims 6 and 7 were defaulted because Makdessi failed to raise them on direct appeal, the Court subsequently analyzed whether appellate counsel was ineffective for failing to raise these claims on direct appeal. The Court found there was no ineffective assistance of appellate counsel and dismissed Claims 6, 7, and 9. *Makdessi*, 682 F. Supp. 2d at 656. Once again, it is unclear why Makdessi believes *Martinez* has any bearing on these claims.[4] Nevertheless, no need exists to ascertain Makdessi's exact theories for relief because, as explained below, his Rule 60(b)(6) Motion is untimely no matter the claim.

### C. The Rule 60(b)(6) Motion is Untimely

Under Federal Rule of Civil Procedure 60(c)(1), Makdessi was required to file his motion within a reasonable time after the entry of the February 4, 2010 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Makdessi's Rule 60(b)(6) Motion, filed nearly eleven years after the entry

---

[4] Even if a *Martinez* error existed, which it clearly does not, the United States Court of Appeals for the Fourth Circuit has concluded that the decision in *Martinez* is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (concluding that petitioner's "motion for relief invoking the change in procedural default rules occasioned by *Martinez* falls well short of 'extraordinary'").

6

of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Accordingly, Makdessi's Rule 60(b)(6) Motion is also untimely.

### III. Conclusion

Makdessi's Rule 60(b)(6) Motion (ECF No. 86) will be DENIED because he has failed to show any extraordinary circumstance exists and because it is untimely. Makdessi's Motion for an Evidentiary Hearing (ECF No. 87) and Motion for Appointment of Counsel (ECF No. 88) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Makdessi fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 3-23-22
Richmond, Virginia